UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 18-mj-03642-Goodman

UNITED STATES OF AMERICA

vs.

ALVARO PAYAN SALAZAR,
EDWIN DANIEL GONGORA BALTAN,
JULIO CESAR GUARDADO LINARES,
and MIGUEL SALAS VALLECILLA,

    **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes  __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
YVONNE RODRIGUEZ SCHACK
ASSISTANT UNITED STATES ATTORNEY
99 N. E. 4th Street
Miami, Florida   33132-2111
TEL: (305) 961-9014
FAX: (305) 536-7213
E-Mail: Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ALVARO PAYAN SALAZAR,<br>EDWIN DANIEL GONGORA BALTAN,<br>JULIO CESAR GUARDADO LINARES, and<br>MIGUEL SALAS VALLECILLA,<br>*Defendant(s)* | )<br>)<br>)  Case No. 18-mj-03642<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about   October 31, 2018   , upon the high seas and elsewhere outside the jurisdiction of any particular State or district, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jeremy Youngblood, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Nov. 14 2018

_____
*Judge's signature*

City and state:  Miami, Florida

United States Magistrate Judge Jonathan Goodman
*Printed name and title*

## AFFIDAVIT

I, Jeremy Youngblood, first being duly sworn, depose and state:

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA) and have been so employed since May 2012. I am presently assigned the Miami Field Division where I am responsible for conducting narcotics smuggling investigations involving the use of marine vessels. As a Special Agent with DEA, I have participated in numerous narcotics investigations involving physical and electronic surveillance, the control and administration of confidential sources, international drug importations, and domestic drug organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21, and 46 of the United States Code.

3. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause for the arrest of Alvaro PAYAN SALAZAR, Edwin Daniel GONGORA BALTAN, Julio Cesar GUARDADO LINARES, and Miguel SALAS VALLECILLA, for violations of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), that is, having knowingly and willfully conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States.

4. Because this Affidavit is being submitted for the limited purpose of establishing

probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation.

5. On October 31, 2018, a Marine Patrol Aircraft (MPA) detected a low-profile vessel (LPV) approximately 218 nautical miles south of the Mexico/Guatemala border in international waters. United States Coast Guard (USCG) Cutter CAMPBELL was in the area and diverted to intercept. Cutter CAMPBELL launched their over-the-horizon vessel (OTH) and helicopter to intercept and investigate the LPV.

6. The helicopter located the LPV and employed warning shots. The LPV ultimately became "dead in the water" and the crew were observed jettisoning small objects, which were believed to be electronics. USCG personnel gained positive control of the LPV and noted no country of origin. USCG personnel located four individuals onboard the LPV, who identified themselves as Alvaro PAYAN SALAZAR, Edwin Daniel GONGORA BALTAN, Julio Cesar GUARDADO LINARES, and Miguel SALAS VALLECILLA. PAYAN SALAZAR, GONGORA BALTAN, and SALAS VALLECILLA were Colombian nationals. GUARDADO LINARES was a national of Guatemala. The master of the vessel, PAYAN SALAZAR, claimed Colombian nationality for himself and the vessel and stated that they were transporting cocaine. The Government of Colombia was contacted and responded they could neither confirm nor deny the nationality of the vessel. Based on the Government of Colombia's response, the vessel was

treated as a vessel without nationality, and therefore, subject to the jurisdiction of the United States. A full law enforcement board followed. USCG personnel recovered 99 bales weighing approximately 2,478 kilograms which tested positive for cocaine.

7. On November 13, 2018, the USCG brought these four individuals to the Southern District of Florida where they transferred custody of them to United States law enforcement officers.

8. Based on the foregoing facts, your Affiant submits that probable cause exists to believe that, Alvaro PAYAN SALAZAR, Edwin Daniel GONGORA BALTAN, Julio Cesar GUARDADO LINARES, and Miguel SALAS VALLECILLA, while on board a vessel subject to jurisdiction of the United States, did knowingly and willfully conspire to possess with intent to distribute a controlled substance, that is, five kilograms or more of cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

_____
JEREMY K. YOUNGBLOOD
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before
me this the ___ day of November, 2018.

_____
THE HONORABLE JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

3